IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x

The One Technologies, LLC

                Plaintiff,

      -against-

Amazon.com, Inc.,

Amazon.com Services, Inc., and

Jeffrey P. Bezos,

                Defendants

-----------------------------------------------------------------x

**Complaint for Damages and Equitable Relief**

Case no. _____

Jury Trial: _X_ Yes ___No

The plaintiff, The One Technologies, LLC, by its attorney, M. Bradford Randolph, hereby sets forth the following complaint.

I. **The Parties to This Complaint**

   A. **The Plaintiff**

      The One Technologies, LLC
      2848 Brighton, 7th Street, Apt. 9F
      Brooklyn, NY 11235
      Tel. (347) 279-3749

   B. **The Defendant(s)**

      <u>Defendant No. 1</u>
      Amazon.com, Inc.
      410 Terry Ave. North
      Seattle, WA 98109-5210
      Tel. (206) 266-1000

      <u>Defendant No. 2</u>
      Amazon.com Services, Inc.
      County: New York
      NYS DOS Process
      Corporation Service Company
      80 State Street
      Albany, NY 12207-2543

<u>Defendant No. 3</u>
Jeffrey P. Bezos
Chief Executive Officer
Amazon.com, Inc.
410 Terry Ave. North
Seattle, WA 98109-5210
Tel. (206) 266-1000

II. **Basis for Jurisdiction**: Federal and New York State statute(s) at issue in this case:

1. Action for trademark infringement, unfair competition, and dilution of trademark arising under the Lanham Act, 15 U.S.C.A. ("**USC**") §§ 1051 et seq. including:

    a. 15 USC §1114: Counterfeiting and trademark infringement,

    b. 15 USC §1117: Recovery for violation of rights, and

    c. 15 USC §1125: False designations of origin, false descriptions, dilution, and importation of goods marked or labeled in contravention of the provisions of this section.

2. Action for copyright infringement under 7 USC §501 *et seq*: Copyright Infringement.

3. U.S. treaties: T.I.A.S. No. 9630 (U.S. Treaty), 31 U.S.T. 4651 (U.S. Treaty, 2/1/1980), 1980 WL 309100 (U.S. Treaty) Article VI, and prior treaties effective 1/13/1904, 11/29/1948, 12/29/1978: USA/The People's Republic of China treaty on Trade Relations, including trademark protection.

4. Subject matter jurisdiction is based on 15 U.S.C.A. §1121 and 28 U.S.C.A. §§ 1331, 1338(b), and 28 U.S.C.A. §2201.

5. Additionally, this is also an action for a) trademark infringement and unfair competition under New York common law. NY Gen Bus §360-o, and b) common law fraud and deceit, including punitive damages, pursuant to both New York and federal common law.

III. **Venue**:

Venue is proper in this district pursuant to 28 U.S.C.A §§ 1391(b)(2) and (b)(3), and 1391(c)(2) because the defendant Amazon.com, Inc. and/or Amazon.com Services, Inc., are doing business in this district and a substantial part of the events described herein occurred in this district.

IV.   <u>Defendant no. 1</u>: Amazon.com, Inc. ("**Amazon**")

1. Plaintiff began selling battery chargers for cellphones, sometimes referred to as smartphone mounts, using the "Energypal" mark, on or about June 2015. A photo of the product is attached as **Exhibit 1**.

2. On December 16, 2014, plaintiff filed its trademark application with the United States Patent and Trademark Office ("**USPTO**") for the "Energypal" mark. The mark's registration date is May 3, 2016. The "first use in commerce" date of the mark is March 2, 2016. A copy of the USPTO record of the filing is attached as **Exhibit 2**.

3. On March 4, 2016, plaintiff filed an application to amend the "Goods and Services" description of the Energypal mark. The first use in commerce date of the mark is on or about early December 2014. The registration date of the application is August 29, 2017. A copy of the USPTO record for the filing are attached as **Exhibit 3**.

4. On or about July 2015, plaintiff registered the Energypal trademark with Amazon's internal trademark database, called "Brand Registry". Amazon thus knew that plaintiff owned the trademark "Energypal", and thus Amazon stated to would-be buyers that products purchased from sellers other than The-ONE-Store would not be covered by the Energypal warranty. See **Exhibit 4**.

5. On March 23, 2016, plaintiff filed an application to both further amend the "Goods and Services" description of the Energypal mark to add additional products, and to change the design of the mark. The first use in commerce date of the application February 27, 2016. The registration date of the application is August 15, 2017. A copy of the USPTO record for the filing are attached as **Exhibit 5**.

6. On May 3, 2016, the plaintiff's initial trademark application was approved for registration, and the plaintiff changed the "TM" designation on its product(s) to ®. See **Exhibit 6**.

7. Based on information and belief, Amazon Retail, an Amazon affiliate, on or about November 5, 2016, started selling car mounts for smartphones on amazon.com using the name "Energypal".

8. Based on information and belief, Amazon is aware of the actions taken by its affiliated companies. In this context, an "affiliated company" refers to a company whose business operations, either in whole or in part, are overseen by Amazon; in other words, Amazon is aware of the activities of its affiliates and has the power to modify, or influence, the activities of said affiliates.

9. On or about November 10, 2016, the plaintiff filed a take-down notice against Amazon Retail's offer on the "Car Mount, Energypal HC84K Car Smartphone Holder with Dual USB 2.1A Charger With Over Charge and Over Current Protection" listing, ASIN no B00YDK1HYG ("**Car Mount EnergyPal Charger**").

10. Plaintiff regularly checked the Amazon website after its trademark attorney sent the November 10, 2016 take-down notice to Amazon. Plaintiff was relieved when he saw no further sale offers for Amazon's Car Mount EnergyPal Charger, until on or about December 15, 2016. At that time, plaintiff saw that Amazon was again selling its Car Mount EnergyPal Charger. Plaintiff asked his trademark counsel to send another take-down notice to Amazon. Amazon sales of its Car Mount EnergyPal Charger stopped in January through on or about February 15, 2017, when plaintiff saw that Amazon Retail was again selling its Car Mount EnergyPal Charger. Plaintiff performed a test purchase and concluded that the item received was not a genuine Energypal product.

11. On March 3, 2017, plaintiff's intellectual property attorney wrote to Amazon counsel about the result of the plaintiff's test purchase. A copy of said counsel's correspondence to the Amazon.com Legal department is attached hereto as **Exhibit 7**.

12. Amazon's sale page has advertised for sale both "used & new" car mounts using the "Energypal" name. See **Exhibit 8** attached hereto, which shows that Amazon both shipped and sold the counterfeit Energypal product, using the phrase "Ships from and sold by Amazon.com".

13. On March 7, 2017, plaintiff purchased the Amazon advertised "EnergyPal" car mount, and received the car mount with "NEW", stamped on the packaging. See **Exhibit 9**.

14. The product was delivered to the shipping address in the order, and was delivered to the plaintiff in Brooklyn, NY. See **Exhibit 10**.

15. Based on information and belief, Amazon priced its products using a computer algorithm, resulting in prices for its Energypal Car Mount product to range from approximately $14.99 in March of 2017, $75.14 in June of 2018, $86.45 in November of 2018, to $79.96 in January of 2019. See **Exhibit 11**, documents A, B, C and D.

16. Plaintiff price for the sale of its Energypal car mount product ranged from approximately $17 to $20.

17. Plaintiff kept its pricing steady when selling its product.

18. Based on information and belief, Amazon's pricing procedures, although perhaps profitable in the short term, harmed the long-term profitability, and reputation, of the Energypal car mount product.

19. Amazon's buy box position negatively impacted the market for sales of the Energypal car mount by the plaintiff. The impact of the "buy box" is that a prospective buyer of an Energypal product would first be brought to the Amazon advertisement for the Energypal car mount. Plaintiff understands that Amazon, as the owner of Amazon.com, would normally have the right to "take" the buy-box for itself, but, plaintiff maintains, not for a counterfeit product. In other words, the plaintiff, not Amazon, had the right to set the price for its trademarked product.

4

20. Based on information and belief, the buy box position is often for the seller with the most competitive price, but not in this case, where Amazon controls the buy box position, even though its price was not always competitive.

21. Based on information and belief, the quality of Amazon's Energypal product was inferior to plaintiff's product, damaging the reputation of car mounts providing electrical power under the "Energypal" name. See **Exhibit 12.**

22. When an order is placed for an Energypal product on Amazon.com, the confirmation states that it is sold either by Amazon.com, or Amazon Services, Inc.

23. In July of 2018, plaintiff placed another order for the Amazon advertised "EnergyPal" car mount, and received the package, and product, as shown in the 4 photos in **Exhibit 13. Photo 1** shows the package received; **photo 2** shows what was in the package before the additional packaging was removed; **photo 3** shows the third layer, covered in cellophane, and **photo 4** shows the product, which shows that the name "EnergyPal" was not printed on the product itself, in contrast to plaintiff's product, in Exhibit 6, which shows "EnergyPal®".

24. Plaintiff's product is delivered in a box as shown in **Exhibit 14.** Note: Plaintiff's box does not show the ®, however, as shown in Exhibit 6, the ® is on the product.

25. The packaging of the EnergyPal product sold by Amazon was, and continued to be, significantly inferior to the plaintiff's packaging, thus damaging the reputation of the Energypal trademark.

26. Based on information and belief, the Energypal car mount sold by Amazon is technologically inferior to the plaintiff's product, and its packaging poor, resulting in numerous bad customer reviews, damaging the plaintiff's Energypal trademark.

27. Amazon's actions in selling car mounts using the name "EnergyPal" have damaged plaintiff's property, namely, its exclusive right to use the Energypal trademark, and thus its ability to compete with Amazon in the sale of its car mounts.

28. Although the plaintiff continued to sell product(s) on Amazon under the Energypal name until on or about August 2017, plaintiff's sales dropped very quickly at which time it appeared, by virtue of Amazon's "buy box" advantage, that Amazon had a virtual monopoly on the sale of its Energypal inventory on the Amazon.com website, reducing the plaintiff's average monthly sales by approximately 96%, and its average monthly gross profit by approximately 98%. See **Exhibit 15.**

V. Defendant no. 2: Amazon.com Services, Inc. ("**Amazon.com Services**")

Paragraphs 1 through 28 are repeated herein with regard to Defendant no. 2.

29. Amazon.com Services, previously named "Amazon Fulfillment Services, Inc., provides e-commers services. The company retails books, diamond jewelry, electronics, appliances, apparels, and accessories, and distributes its products worldwide.

30. Amazon.com Services is registered as a foreign business corporation with the NYS Department of State.

VI. <u>Defendant no. 3</u>: Jeffrey P. Bezos

31. Paragraphs 1 through 30 are repeated herein with regard to Defendant no. 3.

32. On March 3, 2017, plaintiff's trademark counsel e-mailed the defendant, Jeff P. Bezos ("**Mr. Bezos**"), stating that Amazon.com LLC was selling counterfeit products using a trademark of The One Technologies, LLC. Said counsel's letter sent to the Amazon.com Legal Department (Exhibit 7) was attached to the e-mail to Mr. Bezos. A copy of the e-mail to Mr. Bezos, and follow-up e-mail exchanges related thereto, are attached as **Exhibit 16**, including a follow-up e-mail to Mr. Bezos on March 20, 2017, asking about the status of plaintiff's take-down notice. See Exhibit 14, page 3/14.

33. Plaintiff's counsel received an e-mail response that same day, i.e., March 3, 2017, acknowledging receipt of plaintiff's counsel's e-mail, stating, in part, that "Jeff Bezos received your email and requested that I (Raj) research this issue and respond on his behalf".

34. On March 29, 2017, at 10:50 am, plaintiff's trademark counsel e-mailed to Amazon, including Mr. Bezos, what appears to be information and statements requested by Amazon.com LLC, including the ASIN, stating his belief that the declarations requested to put Amazon on notice of trademark infringement are not required.

35. On March 30, 2017, plaintiff's counsel received a response from notice@amazon.com that the information provided by plaintiff's trademark counsel was incomplete, and requested additional information. Exhibit 14, p. 6/14. It appears that the information requested had already been provided,

36. On April 5, 2017, Amazon responded that "The items you reported do not correspond to the registration classes of your trademark".

37. Exhibit A to the letter to the Amazon.com legal department in Exhibit 7, shows that the trademark registered by the plaintiff covers "Battery products for providing backup electrical power, namely, batteries, battery chargers, battery cables, battery cases, battery packs, in Class 9…". The product sold by Amazon, namely, "Car Mount, EnergyPal HC84K Car Smartphone Holder with *Dual USB 2.1A Charger With Over Charge and Over Current Production*". [Emphasis supplied.] In other words, both the plaintiff's product, and the product sold by Amazon, provided "backup electrical power". In other words, Amazon was citing a distinction without a difference.

38. Furthermore:
    A. Prior to Amazon selling the "Car Mount, EnergyPal...", i.e., plaintiff had the Buy Box page with a "Bullet Point" stating that:

        "TheOne-store is the only official distributor of EnergyPal Car Mounts. Buyers please be aware and do not buy counterfeit items from different sellers as it will result in a bad quality product that will not be covered by our warranties". See Exhibit 4 and **Exhibit 17**.

    B. When Amazon took over the Buy Box page, Amazon removed the above-referenced bullet point. See **Exhibit 18**.

    C. On or about 1/27/2019, when Amazon stopped selling "Car Mount, EnergyPal" products, Amazon reinstated the "Bullet Point" referenced in 34.A above. See **Exhibit 19**.

    D. In regard to 34.C above, plaintiff notes that the document in Exhibit 17 states the product "Ships from and sold by Amazon.com", with the bullet point stating that "The One-store" is the only official distributor of EnergyPal Car mounts....". In other words, the advertisement is indicating, in effect, that Amazon is selling a counterfeit product.

    E. On page 2 of Exhibit 17, Amazon, not TheOne-store, is the seller of the new "CarMount, EnergyPal.

39. Based on the information set forth in this complaint, plaintiff claims, based on information and belief, that 1) car mounts sold by the defendants, using the EnergyPal name, infringed on the plaintiff's "Energypal" trademark on record with the U.S. Patent and Trademark Office, and 2) that the defendants actions in selling car mounts using the EnergyPal name were false and fraudulent, under both U.S. and New York law.

40. Plaintiff's copyright counsel e-mailed plaintiff's federal copyright protection documents to Amazon on March 29, 2017, a copy which is attached hereto as **Exhibit 20**.

41. Lost profits from the actions described above by the defendants were approximately $904,269, plus the additional profit earned by Amazon by charging higher prices than the plaintiff. Plaintiff does not have information to determine Amazon's sale prices of its EnergyPal Car Mount Charger.

42. Furthermore, although Amazon stopped selling its Car Mount EnergyPal Charger on about January 27, 2019, plaintiff no longer has the capital to purchase inventory to re-start sales of its EnergyPal car mount charger. Also, re-starting the sale would require an advertising campaign to bring customers back to the purchase of the plaintiff's EnergyPal car mount charger. Advertising would be required not only because the EnergyPal car mount charger has not been offered for sale since January 2019, but also

because of the reputational damage to the product as a result of the poor quality of Amazon's EnergyPal product and packaging

43. Plaintiff has calculated its estimated lost profits based on its sale prices and costs. However, plaintiff claims that it is also entitled to the profit earned by the plaintiff by selling its Car Mount EnergyPal product at prices significantly higher than the plaintiff's prices. In other words, plaintiff claims that it is entitled to the profits earned on Amazon sales of its Car Mount EmergyPal product, to the extent they are greater than the lost profits calculated using the plaintiff's sale prices.

44. Plaintiff requests a jury trial.

**Wherefore**, Plaintiff asks the Court to order the following to the plaintiff:

a. Treble damages of $2,712,808 for trademark infringement.

b. The additional gross profit received by Amazon from selling its Car Mount EnergyPal product at prices higher than plaintiff's prices, which information is not currently available to the plaintiff.

c. Punitive damages in the amount of $8,138,423.

d. Plaintiff's reasonable attorney fees incurred as a result of the actions of the defendants.

e. Plaintiff be awarded such other and further relief as the Court deems just and equitable.

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

Respectfully submitted,

/s/ M. Bradford Randolph

_____

M. Bradford Randolph, Esq.
*Attorney for the plaintiff*
M. Bradford Randolph, Esq., PLLC
45 Rockefeller Plaza, FL 20
New York, NY 10111

Telephone: (212) 759-0097
Fax: (212) 759-0087

E-mail: mbr@mbrlaw.us

Dated: November 4, 2019